IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Q. Owens, # 184674, | ) C/A No. 0:10-328-TLW-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| William J. Thrower; NFN Founder of Stuckey Law Offices LLC, | ) |
| Defendants. | ) |

The plaintiff, Curtis Q. Owens, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Kirkland Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Plaintiff names as defendants William J. Thrower ("Thrower"), and the "Founder of Stuckey Law Offices, LLC" ("Stuckey"). Plaintiff has filed four prior cases in this District. In each instance, the defendants in the prior actions were represented by Thrower, an attorney with Stuckey Law Offices.[1]

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following

---

[1]This Court may take judicial notice of its own files and records. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



precedents: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551

---

[2]Screening pursuant to § 1915A is subject to this standard as well.



U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain

PJG

sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3] Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

---

[3]Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

PJG

## BACKGROUND

In his Complaint against Thrower and Stuckey, Plaintiff states that he is seeking redress for "all the deprivations under the color's of State & Federal Law's & Constitutions State & Federal Rules of Court Procedures, Administrative Procedure's Act, etc . . . ." (Compl, Docket Entry 1 at 3.) Plaintiff also raises supplemental state law claims (defamation and slander), and he alleges he is filing his case "[u]nder the Federal Torts Claims Act for Wrongs Sustained." (Id. at 4.) He seeks declaratory relief "due to defendants violation's in opposition To Law, Legislative & Congressional Design . . . ." (Id.)

Plaintiff makes reference to his prior cases, including some that were apparently filed in state court. Plaintiff claims he is entitled to injunctive relief. He also refers to "discovery" at various points in his pleading. He states he is "[a] Political & Economic Prisoner of War and Bargaining Chip due to Geoperspective Economic Reason's . . . ." (Id. at 7.) He makes various references to his religion, and he claims he has been denied "fair hearings & redress." (Id. at 8.)

At one point in his Complaint, the plaintiff alleges that the Stuckey law firm, who is not a defendant, has defamed and slandered his character. In his prayer for relief he says "I Am Suing William J. Thrower for immoral turpitude, defamation, Slander of Character, conspiracy against Constitutional & Civil rights in his personal individual capacity in the amount of $90,000.00 in compensatory damage's and $75,000.00 in punitive damage's, and any other relief this Court and Honourable Judge's deem fit plus pay court cost." (Id. at 9-10) (errors in original). He also seeks compensatory and punitive damages from "The Founder & Manager Of Stuckey Law Offices LLC and et, al." (Id. at 10.)

PJG

## DISCUSSION

The Complaint is characterized by what some courts have described as "buzzwords" or "gibberish."  See Coghlan v. Starkey, 852 F.2d 806, 812-816 (5th Cir. 1988) (collecting cases); Ramos v. Thornburg, 732 F. Supp. 696, 702 (E.D. Tex. 1989); Peebles v. Nat'l Collegiate Athletic Ass'n, 723 F. Supp. 1155 (D.S.C. 1989); United States v. Messimer, 598 F. Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); U.S.A. ex rel. Cole v. La Vallee, 376 F. Supp. 6, 12 (S.D.N.Y. 1974); Sauers v. Commissioner, 771 F.2d 64, 66 (3rd Cir. 1985).  In fact, the Complaint in the case at bar is somewhat similar to the *pro se* pleadings filed by a litigant in Bryant v. U Haul, C/A No. 93-6892, 1994 WL 67803 (E.D. Pa. Feb. 25, 1994).  Id. at *1 ("Aside from these slight variations, each complaint consists merely of an unintelligible recitation of unconnected names and places or similar gibberish.").  Indeed, it appears that the plaintiff has been "borrowing" phrases and language from law dictionaries and legal digests.  Owens does not allege sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555, 570.

Additionally, to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980); American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).  An attorney representing a client, however, does not act under color of state law.  See Lucarelli v. Norton, 2006 WL 709319 (M.D. Pa. 2006) (unpublished) (attorneys performing their traditional functions will not be considered state actors solely

*PJG*

on the basis of their position as officers of the court, citing Angelico v. Lehigh Valley Hosp., 184 F.3d 268 (3rd Cir. 1999), and Polk County v. Dodson, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.")); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983) ("[P]rivate attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983."); Limehouse v. Delaware, 144 Fed. Appx. 921 (3d Cir. 2005) (unpublished) (private attorney for the opposing party could not be held to be a state actor because there were no facts which established any agreement between the attorney and the state actors to violate the plaintiff's civil rights; a private attorney's representation in a court case, sitting alone, does not act under color of law when performing his function as counsel).

Furthermore, the plaintiff's claims relating to defamation and slander are subject to summary dismissal because defamation is not actionable under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Civil rights statutes such as 42 U.S.C. § 1983 do not impose liability for violations of duties of care arising under a state's tort law. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200-203 (1989).

State law causes of action would be cognizable in this court only under the diversity statute if that statute's requirements are satisfied. Cianbro Corp. v. Jeffcoat and Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992), aff'd, Cianbro Corp. v. Jeffcoat and Martin, 10 F.3d 806 (4th Cir. 1993) (Table). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

Page 7 of 9

PJG

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> > (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and the defendants in this case are residents of the State of South Carolina. Hence, complete diversity of parties is absent in this case.

Finally, it should be noted that a suit under the Federal Tort Claims Act lies only against the United States. Plaintiff has not named the United States as a defendant and, even if he had, the United States cannot be sued without its express consent. United States v. Mitchell, 463 U.S. 206, 212 (1983).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 19, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).