IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Curtis Q. Owens, # 184674, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 0:10-cv-328-TLW-PJG |
| William J. Thrower; NFN Founder of Stuckey Law Offices, LLC, | ) | |
| Defendants. | ) | |

# **ORDER**

This matter is before the Court on the motions filed by the plaintiff on April 9, 2010 and April 14, 2010. (Docs. # 15 and 16).

The caption of the first motion reads, "Motion of and To Objection to Order to Dismiss Action." (Doc. # 15). The plaintiff timely filed an objection, (Doc. # 10), to the magistrate judge's Report and Recommendation, (Doc. # 7), which this Court accepted by Order dated March 31, 2010. (Doc. # 12). Therefore, this Court will treat the motion currently before the Court as a motion filed pursuant to Federal Rule of Civil Procedure 59(e), or in the alternative, Federal Rule of Civil Procedure 60. Rule 59(e) of the Federal Rules of Civil Procedure states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

injustice." Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396,403 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of these standards, the Court has carefully reviewed the plaintiff's motion. The Court has carefully considered the arguments asserted and reviewed the record in this case. After careful consideration of the relevant filings in this case, the Court concludes that there is no basis under Federal Rule of Civil Procedure 59(e) for this Court to modify its Order of March 31, 2010. (Doc. # 12).

Federal Rule of Civil Procedure 60(a) allows a District Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Court determines that no clerical mistake has been made. Federal Rule of Civil Procedure 60(a) is therefore not a basis for reconsideration of this Court's earlier ruling. Federal Rule of Civil Procedure 60(b) provides in part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (quoting Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)).

Based upon the undersigned's review of this case, the undersigned concludes that the plaintiff has not met its burden of showing exceptional circumstances warranting the relief pursuant to Federal Rule of Civil Procedure 60. Therefore, the plaintiff's motion is hereby **DENIED**. (Doc. #15). Additionally, this Court notes that the plaintiff has presented no basis by which he is entitled to relief in his motion captioned, "Motion for Fed Protection - and - Bench Letter to Be Placed In Federal Holding Detention." Accordingly, this motion is **DENIED**. (Doc. # 16)

**IT IS SO ORDERED**.

                                                      s/Terry L. Wooten
                                               United States District Judge

October 13, 2010
Florence, South Carolina